**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **CHIRAG PATEL, M.D.** | * | **CIVIL ACTION NO. _____** |
| | * | |
| **VERSUS** | * | **SECTION "_____"** |
| | * | |
| **MARRIOTT CORPORATION,** | * | **MAGISTRATE _____** |
| **GUMBO ALLEY, LLC,** | * | |
| **SUNSTONE HOTEL INVESTORS,** | * | |
| **STAFF PRO, LLC,** | * | |
| **JANE DOE, &** | * | |
| **JOHN DOE** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

TO : The Honorable Judges of the
United States District Court
for the Eastern District of Louisiana

Ron A. Austin, Esq.
Scott T. Winstead, Esq.
Ron Austin Law, LLC
400 Manhattan Boulevard
Harvey, LA 70058

Defendants, Gumbo Alley, LLC (hereinafter "Gumbo Alley"), Marriott International, Inc. (hereinafter "Marriott International") and Olivier Lau, incorrectly and improperly named and joined in this litigation and the undersigned counsel has notified plaintiff's counsel of this, respectfully submit and consent in this Notice of Removal in the above captioned action to remove this civil action, currently pending in Civil District Court for the Parish of Orleans, to this Court. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of removal, this Defendant represents the following:

## INTRODUCTION

1.

On September 16, 2020, the plaintiff, Chirag Patel, M.D. ("Plaintiff"), filed the attached Petition for Damages entitled, "*Chirag Patel, M.D. vs. Marriott Corporation, Gumbo Alley, LLC, Sunstone Hotel Investors, Staff Pro, LLC, Jane Doe and John Doe*" and bearing docket number 2020-07737, Division "F," Section "07" on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana ("Petition"). On November 20, 2020, the Plaintiff amended his Petition for Damages to add Olivier Lau as a defendant in the above-entitled and numbered lawsuit, asserting that he was the general manager of the JW Marriott Hotel in New Orleans on the date in question in this litigation. As required by 28 U.S.C. § 1446(a), copies of all executed process, pleadings, and signed orders are attached hereto, *in globo*, as Exhibit "A".

2.

As set forth in the Petition, this lawsuit arises out of an October 22, 2019 incident wherein the Plaintiff alleges that he slipped and fell at the JW Marriott Hotel, located at 614 Canal St., New Orleans, Louisiana 70130 (the "Incident"). The Plaintiff claims to have suffered personal injury as a result of the Incident and claims damages therefrom.

## DIVERSITY JURISDICTION

3.

This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a). Therefore, the case may be removed to this Court pursuant to 28 U.S.C. § 1441(b).

4.

Plaintiff, Chirag Patel, M.D., is a citizen and resident of New Jersey.

5.

Plaintiff named Gumbo Alley, L.L.C. ("Gumbo Alley") as a defendant in this action. *See* Petition at ¶ I(a) of Exhibit "A". Gumbo Alley is a limited liability company domiciled in the state of Delaware and its principal place of business is in the state of California. It is a wholly owned subsidiary of Sunstone Hotel Partnership, LLC ("Sunstone"). Sunstone is a limited liability company which is domiciled in the state of Delaware with its principal place of business in California.[1]

6.

Plaintiff named Marriott International, Inc. as a defendant in this action. *See* Petition at ¶ I(b). Marriott International is a foreign corporation that is incorporated under the laws of Delaware with its principal place of business in Maryland. Thus, named defendant Marriott International is a citizen of Delaware and Maryland.[2]

7.

Plaintiff named Staff Pro, LLC ("Staff Pro") as a defendant in this action. *See* Petition at ¶ I(c). Upon information and belief, Staff Pro is a limited liability company which is domiciled in the state of Mississippi and has it principal place of business in the state of Mississippi. Its officer is Reginald Walker, who is believed to be a citizen of Mississippi. It has not been served in this litigation as the service was attempted on Noe Sandate who informed the deputy from the Orleans Parish Sheriff's Department that he no longer works for Staff Pro, L.L.C. Therefore, Defendants

---

[1] Sunstone Hotel Investors, Inc. was identified in the caption of the Petition; however, it was not named as a defendant in the body of the Petition. Because it was not named as a defendant in the Petition for Damages or the First Amended and Supplemental Petition for Damages, it has no substantive impact on diversity or removal.

[2] "Marriott Corporation" was identified in the caption of the Petition; however, the Plaintiff named "Marriott International, Inc." in the body of the Petition. Marriott Corporation is a now-defunct entity that was succeeded by Marriott International *inter alia*. Accordingly, we will assume Plaintiff intends to name Marriott International, Inc., and not Marriott Corporation, as a defendant in this action.

respectfully submit that its consent for removal is not necessary until it is served, pursuant to Rule of the Federal Rules of Civil Procedure.

8.

Upon information and belief, named defendants "Jane Doe" and "John Doe" are fictitious parties. *See* Petition at ¶¶ I(d),(e). They have neither been named or served and their alleged citizenship cannot be used to defeat diversity of citizenship jurisdiction in this court pursuant to 28 U.S.C.§ 1441 (b) (1).

9.

Upon information and belief, defendant, Olivier Lau, was added as an alleged defendant in the Plaintiff's Amended Petition of November 20, 2020, is a Louisiana resident, but defendant respectfully submit that he was improperly, or, possibly, fraudulently, joined as a defendant in this matter because he was not the general manager of the JW Marriott Hotel in New Orleans, LA on or about October 22, 2019. Therefore, his citizenship has no bearing on diversity of citizenship because he owed no duty, personal or otherwise, to the Plaintiff and should be dismissed from the lawsuit.

10.

In sum, Plaintiff is a resident and citizen of New Jersey. All named defendants are citizens of Delaware, Maryland, California, and/or Mississippi. Accordingly, complete diversity exists in this case.

**AMOUNT IN CONTROVERSY**

11.

Louisiana state law, Code of Civil Procedure Article 893, does not permit the plaintiff to state a specific sum of damages in the petition. However, in his Petition, Plaintiff has pled that he

4

suffered a "significant personal injury" due to the Incident. *See* Petition at ¶ V. Plaintiff further asserts that he allegedly suffered the following damages: past, present, and future medical damages; past present, and future mental pain and suffering; loss of enjoyment of life; loss of earning capacity; physical disability, disfigurement, and scarring; past, present and future medical expenses; lost wages; and any other damages arising out of the actions or inactions complained of in this petition which may be proven at trial and are available under the law of Louisiana. Further, prior to filing suit, the Plaintiff submitted medical records indicating that he underwent surgery to repair muscle and ligament tears in his right shoulder. Although these Defendants specifically deny any such claims, these alleged damages submitted herein *in arguendo* establishes that the amount in controversy in this case exceeds $75,000.00.[3]

## REMOVAL IS TIMELY

12.

Service was perfected upon Defendant Marriott International on November 4, 2020. Service was attempted upon Defendant Staff Pro on October 23, 2020; however, the individual upon whom service was attempted no longer worked for the company. Upon information and belief, service has not been perfected upon Defendant Gumbo Alley as of the time of this filing. The plaintiff did not request service upon Defendants Jane Doe or John Doe. Service of the First Amended and Supplemental Petition for Damages to add defendant, Olivier Lau, has not been made on Mr. Lau.

---

[3] Defendants respectfully submit that a letter, dated November 20, 2020, was sent to the Plaintiff's attorney, Scott Winstead, Esq., via e-mail and U.S. Mail, requesting him to stipulate that the amount in controversy does not exceed $75,000.00. See a copy of the letter, attached here as Exhibit "B". As of the date of this Notice of Removal, the Plaintiff's attorney has not stipulated that the amount in controversy does not exceed $75,000.00, indicating that Plaintiff's attorney assumes the amount in controversy exceeds $75,000.00.

13.

Defendant files this notice of removal within thirty (30) days of service of the later-served defendant, making removal timely under 28 U.S.C. § 1446(b)(2)(C).

## REMOVAL IS PROPER

14.

There is complete diversity between the plaintiff, Chirag Patel, M.D., and the defendants, Gumbo Alley, L.L.C., Marriott International, Inc., Staff Pro, LLC, and Olivier Lau. There is more than $75,000.00 in controversy. Moreover, the joinder of defendant, Olivier Lau, a Louisiana resident, does not affect removal of this matter under 28 U.S.C. § 1441 (b) (2)   because his joinder is improper and, possibly, fraudulent, as he was not the general manager of the JW Marriott Hotel in New Orleans on October 22, 2019, and therefore, did not have custody, control and/or *garde* of the JW Marriott Hotel or any duty to the Plaintiff, personal or otherwise, as alleged in the First Amended and Supplemental Petition for Damages. Accordingly, this action is one over which this court has original jurisdiction under the provisions of 28 U.S.C. § 1332(a)-(c) and removal is proper pursuant to 28 U.S.C. § 1441.

## NOTICE TO STATE COURT AND OPPOSING PARTY

15.

Promptly upon the filing of this Notice of Removal, this Defendant shall file a Notice of Filing Notice of Removal with the Clerk of Court for Civil District Court for the Parish of Orleans, State of Louisiana, and serve a copy thereof on Plaintiff through his counsel. A copy of Defendants' Notice of Filing Notice of Removal is attached hereto and incorporated herein for all purposes as Exhibit " C ".

**CONSENT OF ALL DEFENDANTS TO REMOVAL**

16.

Defendants, Gumbo Alley, LLC, Marriott International, Inc. and Olivier Lau, are represented by the undersigned attorneys, all of whom consent to this removal. Defendants, Staff Pro, LLC, Jane Doe and John Doe, not been served, and, consequently, their consent to the removal is not necessary until they are served and/or named and served with the Petition for Damages in accordance with 28 U.S.C. § 1446 (b)(2)(A). Pursuant to the provisions set forth in 28 U.S.C. § 1446, Defendants, Gumbo Alley, LLC, Marriott International, Inc., and Olivier Lau, remove this action for trial from the Civil District Court for the Parish of Orleans, State of Louisiana to this Honorable Court, on this 4th day of December, 2020.

**CONCLUSION**

This Defendants, Gumbo Alley, LLC, Marriott International, Inc. and Olivier Lau, respectfully request that this Court exercise its jurisdiction over this action, and enter such further orders and grant such further relief as may be necessary to secure removal herein and to prevent further proceedings in the Civil District Court for the Parish of Orleans, State of Louisiana.

**WHEREFORE**, Defendants, Gumbo Alley, LLC, Marriott International, Inc., and Olivier Lau, pray that the legal action captioned "*Chirag Patel, M.D. vs. Marriott Corporation, Gumbo Alley, LLC, Sunstone Hotel Investors, Staff Pro, LLC, Jane Doe and John Doe*", No. 2020-07737, Division "F", Section "7", in the Civil District Court for the Parish of Orleans, State of Louisiana, be removed to the United States District Court for the Eastern District of Louisiana.

(Attorney's signature is on the next page.)

Respectfully submitted,
OSTENDORF TATE BARNETT, LLP
*/s/John G. Alsobrook*
LANCE S. OSTENDORF, LA Bar (#10271)
lanceostendorf@otbtlaw.com.com
JOHN G. ALSOBROOK, LA Bar (#20080)
johnalsobrook@otbtlaw.com
JOSEPH F. SCHREMPP, LA Bar (#38396)
650 Poydras St., Suite 1460
New Orleans, LA  70130
Telephone:  (504) 324-2244
Facsimile:  (504) 208-3447
COUNSEL FOR DEFENDANTS,
GUMBO ALLEY, LLC, MARRIOTT
INTERNATIONAL, INC., AND

## **CERTIFICATE OF SERVICE**

I hereby certified that on the 4th day of December, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel involved. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the non-CM/ECF participants.

    Ron A. Austin, Esq.
    Scott T. Winstead, Esq.
    Ron Austin Law, LCC
    400 Manhattan Blvd.
    Harvey, LA 70058
    raustin@Ronaustinlaw.com
    swinstead@Ronaustinlaw.com


*/s/John G. Alsobrook*
John G. Alsobrook