## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHIRAG PATEL, M.D.,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO.  20-3329** |
| **MARRIOTT CORPORATION, ET AL.,**<br>    **Defendants** | **SECTION: "E" (4)** |

## ORDER AND REASONS

Before the Court is Plaintiff's motion to remand.[1] Defendants opposed Plaintiff's motion.[2] For the reasons that follow, Plaintiff's motion is denied.

## BACKGROUND

This is a slip and fall action originally filed on September 16, 2020 in Civil District Court for the Parish of Orleans.[3] Plaintiff, a Louisiana domiciliary, alleges he sustained injuries to his shoulder as a result of a slip and fall on October 22, 2019, at a Marriot Hotel located in New Orleans, Louisiana.[4] In his original petition, Plaintiff sought damages including past, present, and future physical pain and suffering; past, present, and future mental pain and suffering; loss of enjoyment of life; loss of earning capacity; physical disability, disfigurement, and scarring; past, present, and future medical expenses; lost wages; and any other damages arising out of the actions or inactions complained of in the petition which may be proven at trial and are available under Louisiana law.[5]

---

[1] R. Doc. 9.
[2] R. Doc. 11.
[3] R. Doc. 1-1.
[4] *Id.* at 6.
[5] *Id.* at 8.

On November 20, 2020, Plaintiff amended his state court petition to add Olivier Lau, a Louisiana domiciliary, as a defendant, asserting that Lau was the general manager of the Marriot Hotel on the date in question in this case.[6] On December 4, 2020, Defendants removed the action to federal court on the basis of diversity jurisdiction.[7]

## **LEGAL STANDARD**

Federal courts are courts of limited jurisdiction and possess only the authority conferred upon them by the U.S. Constitution or by Congress.[8] A civil action over which federal courts have original jurisdiction may be removed to federal court unless expressly prohibited by another statute.[9] The principles of comity and federalism mandate strict construction of removal statutes in order to minimize encroachment on the sovereignty of state courts.[10]

A common ground for removal is diversity jurisdiction, which is designed to provide out-of-state defendants a forum to litigate free of local prejudices.[11] When removal is based on federal diversity jurisdiction, 28 U.S.C. § 1332 requires the removing party to show that (1) complete diversity of citizenship exists between the parties, and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[12] Jurisdiction is decided at the time of removal.[13] "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."[14]

[6] *Id.* at 20.
[7] R. Doc. 1.
[8] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).
[9] 28 U.S.C. § 1441(a).
[10] *See Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).
[11] *Aerojet-General Corp. v. Askew*, 511 F.2d 710, 716 n6 (5th Cir. 1975) ("The very purpose of federal diversity jurisdiction is to avoid bias against parties from outside the forum state.").
[12] *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citing *St. Paul Reinsurance Co. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).
[13] *Id. See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000) (recognizing that subsequent events, such as a reduction in the amount in controversy, will generally not divest jurisdiction).
[14] *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

## LAW AND ANALYSIS

**I.    The parties in this action are diverse.**

Plaintiff moves to remand because the presence of Lau as a defendant defeats complete diversity.[15] In their original Notice of Removal, Defendants state Lau was incorrectly and improperly named and joined in the litigation.[16] 28 U.S.C. § 1441(b)(2) prohibits removal solely on the basis of diversity jurisdiction "if any of the parties in interest *properly joined* and served as *defendants* is a citizen of the State in which such action is brought."[17] Under the improper joinder doctrine, a court may dismiss an *improperly joined defendant* from a removed state case and disregard that defendant's citizenship for purposes of diversity jurisdiction.[18]

The Fifth Circuit has recognized two ways for the removing party to establish improper joinder: (1) "actual fraud in the pleading of jurisdictional facts" or (2) an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[19] In this case, Defendants rely on the second test, arguing that Plaintiff cannot establish a cause of action against Lau in state court.[20]

Defendants burden of persuasion that Plaintiff improperly joined Lau is heavy. "In determining the validity of an allegation of improper joinder, the district court must construe factual allegations, resolve contested factual issues, and resolve ambiguities in the controlling state law in the plaintiff's favor."[21] "The test for improper joinder where

---

[15] R. Doc. 9-1 at 2.
[16] R. Doc. 1 at 1.
[17] 28 U.S.C. § 1441(b)(2) (emphasis added).
[18] *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (en banc).
[19] *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)).
[20] R. Doc. 11 at 14.
[21] *Rodrigue v. Continental Ins. Co.*, No. 14-1797, 2014 WL 4999465, at *2 (citing *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995)).

there is no allegation of actual fraud is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant."[22] While the standard for evaluating a claim of improper joinder is similar to the standard used when evaluating a Rule 12(b)(6) motion for failure to state a claim, the scope of the Court's inquiry is broader than it would be with a Rule 12(b)(6) motion; the Court will not "pre-try" the case, but the Court may, in its discretion, "pierce the pleadings" under certain circumstances and consider summary judgment type evidence to determine whether the plaintiff's claim has a factual basis.[23] This summary inquiry is "appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery" against any non-diverse defendant.[24] "[T]he inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden."[25] "[A]lthough the type of inquiry into the evidence is similar to the summary judgment inquiry, the district court is not to apply a summary judgment standard but rather a standard closer to the Rule 12(b)(6) standard."[26]

In this case, Defendants argue Lau was not an employee of or the manager of the Marriott Hotel on October 22, 2019, the date of Plaintiff's alleged accident, and therefore no liability for Plaintiff's accident can attach to Lau as a defendant. As evidence, Defendants offer Lau's affidavit, in which he attests is now "the general manager of the JW Marriott New Orleans Hotel ("Hotel") located at 614 Canal St. in New Orleans, LA and [has] been the general manager at the hotel since February of 2020 to the present."[27]

---

[22] *Rodrigue v. Continental Ins. Co.*, No. 14-1797, 2014 WL 4999465, at *2 (E.D. La. Oct. 7, 2014) (citing *Smallwood*, 385 F.3d at 573).
[23] *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003).
[24] *Smallwood*, 385 F.3d at 573–74.
[25] *Id.* at 574.
[26] *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 334 (5th Cir. 2004).
[27] R. Doc. 11-3 at ¶ 2.

Further, Lau attests he "was not employed at the JW Marriott New Orleans Hotel in 2019,"[28] and he "did not supervise, manage, instruct, advise, control, inspect, or have knowledge of any of the operations, maintenance, or cleaning that took place at the JW Marriott New Orleans Hotel in 2019."[29] The Court may consider this summary judgment type evidence to determine whether the Plaintiff's claim has a factual basis.

Plaintiff offers no rebuttal to Defendants' evidence that Lau was not an employee of or the general manager of the Marriott Hotel at the time of the accident. Considering the evidence before it, the Court finds Defendants have demonstrated there is no possibility of recovery by Plaintiff against Lau, as Lau was not an employee of or the general manager of the Marriott Hotel at the time of Plaintiff's accident. Accordingly, complete diversity of parties exists in this case.

## II. Amount in controversy has been established.

Alternatively, Plaintiff argues the requisite amount in controversy has not been established.[30] In addition to complete diversity, Section 1332(a) requires the amount in controversy exceed $75,000. Louisiana law does not limit recovery to the amount sought in the petition.[31] Accordingly, removal is proper if the Defendants can demonstrate by a preponderance of the evidence the amount in controversy exceeds $75,000.[32] If the Defendants meet this burden, Plaintiff "can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount in controversy does not exceed $75,000."[33]

---

[28] *Id*. at ¶ 4.
[29] Id. at ¶ 6.
[30] R. Doc. 9-1 at 2.
[31] *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 388 (5th Cir. 2009).
[32] *See Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002).
[33] *Id*. (quoting *De Aguilar*, 47 F.3d at 1412).

Plaintiff points out he did not request a specific amount of damages in his petition for damages and that no discovery has been conducted in this case.[34] Plaintiff argues that Defendants only briefly discussed amount in controversy in the Notice of Removal, relying on the fact that Plaintiff did not respond to correspondence requesting that Plaintiff stipulate damages were less than $75,000.[35] The Fifth Circuit has held that where the plaintiff's petition fails to specify the amount in controversy, the defendant may show that the amount in controversy exceeds $75,000 by (1) demonstrating that it is "facially apparent" that the claims are likely more than $75,000; or (2) by setting forth the facts of the controversy that support a finding of the requisite amount.[36] In making the "facially apparent" determination, the proper procedure is to examine the plain wording of the petition to determine whether the allegations set forth a claim that likely exceeds the jurisdictional amount.[37]

In this case, Defendants stated in their Notice of Removal that Plaintiff pled that he suffered "significant personal injury" due to the accident.[38] Defendants also note Plaintiff asserted the following damages: "past, present, and future medical damages; past present, and future mental pain and suffering; loss of enjoyment of life; loss of earning capacity; physical disability, disfigurement, and scarring; past, present and future medical expenses; lost wages; and any other damages arising out of the actions or inactions complained of . . . which may be proven at trial and are available under the law of Louisiana."[39] Defendants further note, prior to filing suit, Plaintiff submitted medical

---

[34] R. Doc. 9-1 at 5.
[35] R. Doc. 9-1 at 5; *See* R. Doc. 1 at fn. 3.
[36] *Luckett v. Delta Airlines*, 171 F.3d 295 (5th Cir. 1999).
[37] *See Allen v. R&H Oil and Gas Co.,* 63 F.3d 1326, 1336 (5th Cir. 1995).
[38] R. Doc. 1 at 4.
[39] *Id.* at 5.

records indicating he underwent surgery to repair muscle and ligament tears in his right shoulder.[40] In addition to the above listed injuries and requests for damages, Defendants note in their Notice of Removal that defense counsel submitted a letter to Plaintiff's attorney, requesting Plaintiff stipulate that the amount in controversy does not exceed $75,000,[41] and Plaintiff failed to do so. Courts have found that similar injuries and requests for damages met the amount in controversy requirement.[42] From the contents of Plaintiff's state court petition, it is facially apparent that the amount in controversy will likely exceed the requisite amount in controversy. Plaintiff's motion to remand falls short of demonstrating to a "legal certainty" his recovery will not exceed this amount.

### III.   Lau is dismissed as a defendant in this case.

Under improper-joinder doctrine, "the court may disregard the citizenship of an improperly joined, non-diverse defendant, dismiss that defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendants."[43] The Court may *sua sponte* dismiss improperly joined defendants.[44] Lau is improperly joined and all claims against him will be dismissed without prejudice.

---

[40] *Id.*

[41] *Id.* at fn. 3.

[42] *Pelas v. EAN Holdings, LLC*, 2012 WL 85841 (E.D. La. Jan. 11, 2012) (holding it was facially apparent amount in controversy was met based on plaintiff's allegations of several injuries to sternum and shoulder, and her claims of lost wages, loss of future earnings, mental anguish, emotional distress, depression, anxiety, loss of enjoyment of life, and medical expenses in her state court petition); *Kinnard-Owen v.* Scarborough, 2015 WL 5441027 (E.D. La. Sep. 14, 2015) (holding amount in controversy was met based on plaintiff's allegations of injuries to her back, neck, shoulders, and body, and requests for damages for pain and suffering, mental anguish, scarring and disfigurement, physical impairment, medical expenses, loss of enjoyment of life, loss of earnings and earning capacity, and loss of household services.)

[43] *Yarco Trading Co., Inc. v. United Fire & Casualty Co.*, 397 F.Supp.3d 939, 943 (S. D. Tex. 2019) (citing *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016).

[44] *Lucas v. Ocwen Home Loan Servicing*, 2013 WL 6188826 at *2 (N. D. Tex. Nov. 26, 2013) (citing *Kling Realty Co. v Chevron USA, Inc.*, 575 F.3d 510 (5th Cir. 2009) (affirming dismissal of improperly joined defendant)).

## CONCLUSION

**IT IS ORDERED** that Plaintiff's motion to remand[45] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Olivier Lau are **DISMISSED** without prejudice.

New Orleans, Louisiana, this 19th day of February, 2021.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[45] R. Doc. 9.